UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT CERU,

                Plaintiff,

-against-

ALLY BANK,

                Defendant.

**ORDER**

24-CV-06733 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, on September 5, 2024, commenced this action against Defendant alleging, *inter alia*, violations of the Electronic Fund Transfers Act ("EFTA"), conversion, and negligence, in connection with two unauthorized transactions deducting credit card payments out of his Ally Bank account (the "Account") totaling $19,023.45. (Doc. 1; Doc. 4, "Compl."). Defendant filed an answer on November 6, 2024 (Doc. 12), and the Court entered a Civil Case Discovery Plan and Scheduling Order on December 16, 2024 (Doc. 16), following an initial conference with the parties. On February 27, 2025, Defendant filed a motion to transfer venue. (Doc. 24). The motion was denied without prejudice for failure to comply with the Court's Individual Practices. (Doc. 27). After Defendant renewed its request in compliance with the Court's Individual Practices, the Court held a pre-motion conference on April 29, 2025, granted Defendant leave to move to transfer venue, and set a briefing schedule. The motion was fully submitted on June 3, 2025. (Doc. 37; Doc. 38; Doc. 39; Doc. 40).

    Defendant argues that the forum selection clause in the parties' Deposit Agreement warrants the transfer of this action. The Court agrees. Defendant's motion to transfer this action pursuant to 28 U.S.C. 1404(a) to the United States District Court for the District of Utah is GRANTED.

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).[1] "The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'" *Id.* (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (KENNEDY, J., concurring)). "For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id*. Thus, "a district court may consider arguments about public-interest factors only." *Id*. at 64. Public interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 62 n.6.

The Deposit Agreement that Plaintiff signed when he opened the Account contains a forum selection and choice of law clause in which Plaintiff consented, *inter alia*, that "[a]ny lawsuit regarding [the] [A]ccount must be brought in a proper court in the State of Utah." (Doc. 38, Exs. 1-4). Plaintiff does not dispute that he assented to the forum selection clause. Nor has he claimed that any of the public interest factors are present. Plaintiff argues only that the clause should not be enforced because discovery is underway in this District and it would be inconvenient for Plaintiff to retain Utah counsel and fly across the country for any hearing. (Doc. 39 at 3-4).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

The Court concludes that the forum selection clause is enforceable and warrants transfer of this action. "A four-part test is used to determine whether a forum selection clause is enforceable: (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive; (3) whether the claims and parties involved are subject to the forum selection clause; and (4) whether 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 247 (S.D.N.Y. 2023) (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007)). "If the forum [selection] clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable." *Id.* (quoting *Phillips*, 494 F.3d at 383).

The forum selection clause here was reasonably communicated to Plaintiff because it was present in his signed Deposit Agreement, it appears in the main text of each version of the Deposit Agreement, and he renewed his assent to the Deposit Agreement upon each modification by Defendant. (Doc. 38 ¶¶ 5, 6, 10, 12, 13, 14, 15; *id.*, Exs. 1-4). *See Espire Ads LLC*, 655 F. Supp. 3d at 247 (finding clause reasonably communicated because it was present in parties' signed agreement). A forum selection clause is mandatory when it expressly specifies jurisdiction and venue "with mandatory or exclusive language." *Macsteel Int'l USA Corp. v. M/V Larch Arrow*, 354 F. App'x 537, 539 (2d Cir. 2009). The forum selection clause is mandatory because it provides that "[a]ny lawsuit regarding [the] [A]ccount *must* be brought in a proper court in the State of Utah." (Doc. 38, Exs. 2-4 (emphasis added)). Plaintiff's lawsuit claims violations of the EFTA, conversion, and negligence, in connection with two unauthorized transactions deducting credit card payments out of the Account. These claims clearly are within

the scope of the forum selection clause. Plaintiff has not made any showing -- let alone a "sufficiently strong showing" -- to rebut the presumption of the enforceability of the forum selection clause here. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014).

Accordingly, Defendant's motion to transfer this action to the District of Utah under 28 U.S.C. 1404(a) is GRANTED.

The Clerk of the Court is respectfully directed to terminate the pending motion (Doc. 37), transfer this action to the United States District Court, District of Utah, and close this case.

SO-ORDERED:

Dated: White Plains, New York
June 6, 2025

_____
Philip M. Halpern
United States District Judge